UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and, JPMORGAN CHASE BANK, N.A,

Plaintiffs,
v.

LN MANAGEMENT, LLC,

Defendant.

Case No. 2:18-cv-00371-RFB-GWF

**ORDER**

## I. INTRODUCTION

Before the Court is Defendant LN Management, LLC's Motion to Dismiss. ECF No. 20.

In their Complaint filed March 1, 2018, Plaintiffs Federal Housing Finance Agency, as Conservator of the Federal National Mortgage Association ("FHFA"), Federal National Mortgage Association ("Fannie Mae"), JPMorgan Chase Bank, N.A. ("JPMorgan") seek a declaratory judgment and to quiet title to property located at 7311 Falvo Avenue, Las Vegas, Nevada. Plaintiffs allege that a non-judicial foreclosure sale occurred on March 1, 2013 and that a foreclosure deed was recorded on March 6, 2013.

For the reasons stated below, the Court denies Defendant's Motion to Dismiss.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on March 1, 2018. ECF No. 1. On July 11, 2018, Defendant filed both an Answer and a Motion to Dismiss. ECF Nos. 19, 20. On August 31, 2018, the Court stayed discovery pursuant to the parties' stipulation. ECF No. 27.

## III. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## IV. DISCUSSION

Defendant argues that Plaintiffs' equitable claims for declaratory relief are time barred. Plaintiffs respond that a six-year statute of limitations applies, thereby allowing their claims to proceed.

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). Plaintiffs allege that the HOA foreclosed on its lien on March 1, 2013 and recorded a foreclosure deed on March 6, 2013. The complaint was filed on March 1, 2018, five years later.

If state law supplied the applicable statute of limitations in this case, the statute of limitations for Plaintiffs' equitable claims would be four years. See NRS 11.220. Contrary to Defendant's argument, Plaintiffs' claims would be governed by the three-year statute of limitations

under NRS 11.190(3)(a) only to the extent based upon a liability created by statute, but not to the extent Plaintiffs seek relief on equitable grounds. Plaintiffs are not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080 because the statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

However, the Court finds that the Housing and Economic Recovery Act ("HERA") preempts the state statute of limitations in the instant case. The applicable statute of limitations "for actions brought by conservator or receiver" is governed by 12 U.S.C. § 4617(b)(12). In relevant part, it states as follows:

> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [Federal Housing Finance] Agency as conservator or receiver shall be--
> (i) in the case of any contract claim, the longer of--
> (I) the 6-year period beginning on the date on which the claim accrues; or
> (II) the period applicable under State law; and
> (ii) in the case of any tort claim, the longer of--
> (I) the 3-year period beginning on the date on which the claim accrues; or
> (II) the period applicable under State law.

12 U.S.C. § 4617(b)(12)(A). Though the statute only specifically references contract and tort claims, "courts interpreting HERA have held that § 4617(b)(12) applies to any claim brought by the FHFA as conservator 'and supplants any other time limitations that otherwise might have applied.'" Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville, No. 217CV03006JADGWF, 2019 WL 1117900, at *4 (D. Nev. Mar. 11, 2019) (citations omitted) (gathering cases). "To the extent that a statute is ambiguous in assigning a limitations period for a claim," it "must receive a strict construction in favor of the Government." Fed. Deposit Ins. Corp. v. Former Officers & Directors of Metro. Bank, 884 F.2d 1304, 1309 (9th Cir. 1989) (quoting Badaracco v. Commissioner, 464 U.S. 386, 391 (1984)).

The statute of limitations under HERA names only contract and tort claims, but expressly states that it applies "with regard to *any* action brought by the Agency." 12 U.S.C. § 4617(b)(12)(A) (emphasis added). The Court finds at this stage that it cannot definitively determine, without more facts in the record, whether the Plaintiff's claims are contract claims or 'other' claims. The property interest of the Plaintiffs appears to have arisen from contracts—the promissory note and deed of trust created when the property was purchased. However, that determination is of no consequence at this procedural stage, as the Court must strictly construe the statute in favor of the government and finds that 12 U.S.C. § 4617(b)(12)(A) applies. The Court therefore finds that a six-year statute of limitations to Plaintiffs' claims.

V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant LN Management, LLC's Motion to Dismiss (ECF No. 20) is DENIED.

**IT IS FURTHER ORDERED** that the parties shall submit any motions for summary judgment by April 15, 2019, as the Court finds that the Federal Foreclosure Bar may be dispositive of the claims in this case. Responses are due April 29, 2019 and replies are due May 13, 2019.

DATED: <u>March 30, 2019</u>.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE