**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY *in its capacity as Conservator of Federal National Mortgage Association*; FEDERAL NATIONAL MORTGAGE ASSOCIATION; JPMORGAN CHASE BANK, N.A., <br><br> Plaintiffs, <br><br> v. <br><br> LN MANAGEMENT, LLC <br><br> Defendant. | Case No. 2:18-cv-00371-RFB-EJY <br><br> **ORDER** |

### I. INTRODUCTION

Before the Court are Plaintiffs Federal Housing Finance Agency ("FHFA"), Federal National Mortgage Association ("Fannie Mae") and JP Morgan Chase Bank, N.A.'s ("Chase") (collectively "Plaintiffs") Motion for Summary Judgment. ECF No. 29. For the following reasons, the Court grants the motion.

### II. PROCEDURAL BACKGROUND

Plaintiffs filed a complaint against Defendant LN Management, LLC ("LN Management") on March 1, 2018. ECF No. 1. In the complaint, Plaintiffs sought declaratory relief that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish a deed of trust held on a Las Vegas property. Id. LN Management filed its

answer on July 11, 2018. ECF No. 19. LN Management also filed a motion to dismiss on that same date. ECF No. 20. The Court denied the motion to dismiss on March 30, 2019. ECF No. 28. Plaintiffs filed the instant motion for summary judgment on April 15, 2019. ECF No. 29. No opposition was filed.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts. [1]

**a. Undisputed facts**

This matter concerns a nonjudicial foreclosure on a property located at 7311 Falvo Avenue, Las Vegas, Nevada (the "Property"). The Property sits in a community governed by the Shenandoah Estates Homeowners Association. The HOA requires the community members to pay community dues.

Nonparty Rodney J. Yanke borrowed funds from Washington Mutual Bank, FA ("WaMu") to purchase the property in July 2002. To obtain the loan, Yanke executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Yanke as the borrower and WaMu as the lender was recorded on July 15, 2002. On or about September 25, 2008, Chase acquired certain assets and liabilities of WaMu from the Federal Deposit Insurance Corporation, in its capacity as Receiver of WaMu, including all mortgage servicing rights and obligations of WaMu.

Yanke failed to pay the required HOA dues. From May 2012 through November 2012, the HOA, through its agent, recorded a notice of delinquent assessment lien concerning past-due assessments, followed by a subsequently recorded notice of default and election to sell and then a

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); <u>Berezovsky v. Moniz</u>, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

- 2 -

notice of foreclosure sale against the Property. On March 1, 2013, the HOA foreclosed on its lien and LN Management purchased the Property for $46,100, as recorded in a foreclosure deed on March 6, 2013.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in August 2002. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure sale. Chase served as beneficiary of record and serviced the note on behalf of Fannie Mae at the time of the foreclosure sale.

The relationship between Fannie Mae and its servicers is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide

clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee Fannie Mae. In accordance with its authority, FHFA placed Fannie Mae under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

As no opposition has been filed, the Court finds there to be no disputed facts.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light

most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter. The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Fannie Mae acquired in August 2002.

As no opposition has been filed, the Court examines the sufficiency of Plaintiffs' evidence

of its interest. To support their motion for summary judgment, Plaintiffs attach printouts from Fannie Mae's electronic database. The printouts are accompanied by declarations from Graham Babin, an assistant vice president with Fannie Mae, and Evan L. Grageda, an authorized signer for Chase. Babin translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that demonstrate that Chase has serviced for the loan for the entirety of the period that Fannie Mae has owned the loan. Grageda's declaration is also accompanied by printouts from Chase's internal database showing the dates that it has serviced the loan.

The Ninth Circuit has allowed the FHFA and the federal enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court has also allowed a federal enterprise under the FHFA's conservatorship to prove its property interest with materially identical evidence. See Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846 (Nev. 2019) (favorably citing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Fannie Mae and Chase, as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in 2002—prior to the foreclosure sale—and owned it at the time of the foreclosure sale. Plaintiffs have therefore presented sufficient

evidence under Berezovsky to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses all other claims and counterclaims as a result.

### VI. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 29) is GRANTED. The Court declares that Defendant LN Management, LLC acquired the property subject to Fannie Mae's deed of trust. The Clerk of the Court is therefore instructed to enter judgment in favor of Plaintiffs on their quiet title claim.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 5), is expunged.

**IT IS FURTHER ORDERED** that the Clerk of Court close this case.

DATED: March 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**